IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JYUE HWA FU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2066-N-BN |
| | § | |
| YEH CHIN CHIN and DAVID LING, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case has now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 18.

On July 18, 2019, prior to entry of this referral, Plaintiff Jyue Hwa Fu moved under Federal Rule of Civil Procedure 15(a) to amend the complaint to add as a defendant Ling's Holdings, LLC – an entity alleged to be controlled by the existing individual defendants, the only one of whom to thus far appear is now proceeding *pro se*. *See* Dkt. No. 17; *see also* Dkt. Nos. 8, 15, & 16. The deadline to respond to this motion expired on August 8, 2019 without a response from either Defendant Yeh Chin Chin or Defendant David Ling. *See* N.D. TEX. L. CIV. R. 7.1(e).

For the reasons explained below, the Court GRANTS Plaintiff's motion; DIRECTS the Clerk of Court to docket Dkt. No. 17-1 as Plaintiff's First Amended Complaint; and CAUTIONS Defendant Ling's Holdings, LLC that it must retain counsel on its behalf and that the failure to do so may result in appropriate measures,

including possibly entering a default judgment against it should it fail to respond to Plaintiff's First Amended Complaint through counsel.

## Legal Standards and Analysis

The February 15, 2019 Scheduling Order, entered pursuant to Federal Rule of Civil Procedure 16(b), provides that "[a]ny motion for leave to join additional parties must be filed [by May 16, 2019 and that a]ny motion for leave to amend pleadings under Rule 15(a) must be filed [by August 14, 2019]." Dkt. No. 14, ¶ 2.

Plaintiff characterizes the motion for leave – which, in substance, seeks leave to join a new defendant – as a timely motion for leave to amend the pleadings under Rule 15(a).

> [But a] party cannot use a motion for leave to amend the pleadings as a device to circumvent the separate deadline for moving for leave to join parties. Such a reading of a scheduling order would effectively render meaningless the deadline for leave to join parties, because an amended pleading could be used to add parties.

*Grant v. Rathbun*, No. 3:15-cv-4025-D, 2016 WL 1750572, at \*2 (N.D. Tex. May 3, 2016). So the Court will construe Plaintiff's motion as an untimely motion for leave to join an additional party.

Federal Rule of Civil Procedure 16(b)(3)(A) "provides that the court's 'scheduling order must limit the time to join other parties.'" *Nieves v. John Bean Techs. Corp.*, No. 3:13-cv-4059-D, 2014 WL 2587577, at \*1 (N.D. Tex. June 10, 2014). And "[w]hen the deadline to seek leave to join a party has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard." *Harris v. Copart*, No. 3:16-cv-2980-D, 2018 WL 3598775,

at *4 (N.D. Tex. June 27, 2018) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)), *rec. adopted*, 2018 WL 3596746 (N.D. Tex. July 26, 2018).

To meet this standard, a party must show that, despite his diligence, he could not reasonably have met the deadline in the scheduling order. *See S&W Enters.*, 315 F.3d at 535; *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

The Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)); *accord Squyres*, 782 F.3d at 237.

"The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Nieves*, 2014 WL 2587577, at *1 (citation omitted). But "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'"

*Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted). And, as another judge of the Court has explained,

> "[w]hen a party files an untimely motion ... and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." But the court has made exceptions in cases where the movant did not address the Rule 16(b)(4) good cause standard but the grounds on which the movant relied to establish good cause were relatively clear.

*Grant*, 2016 WL 1750572, at *3 (citations omitted).

Here, it is relatively clear from (1) the procedural history of this action, as set forth in the motion for leave, and (2) as explained by Plaintiff in that motion that good cause exists to allow the late joinder of Ling's Holdings, LLC.

As set forth in the motion for leave,

> Chin and Ling were personally served on or about August 15, 2018 at 4708 Belmont Ave., Dallas, Texas 75204 (the "Subject Property"). Chin and Ling both requested extensions of time to file an answer. Ling filed his answer on or about September 14, 2018 and Chin has not filed an answer to date.
> On February 15, 2019 the Court issued its Scheduling Order in the case, setting the case for trial on the Court's February 20, 2020 docket. The Scheduling Order also set a deadline of "90 days from the date" of the Order to join additional parties, and 180 days from the date of the Order for motions for leave to amend pleadings under Rule 15(a).
> Plaintiff served Ling with discovery on or about March 15, 2019. The discovery has not been answered. Plaintiff also engaged in third party discovery with the financial institution used by Defendants in defrauding Plaintiff and quickly received responses, which, in Plaintiff's opinion make Defendants' liability very clear.
> On March 20, 2019 counsel for Ling moved to withdraw. The motion to withdraw was granted on April 29, 2019, and the Court gave Ling "sixty (60) days to retain new counsel." Plaintiff did not file this motion, or any other, during this time and waited for Ling's new counsel to make an appearance.

Dkt. No. 17 at 1-2.

The motion for leave was filed on July 18, 2019, just 20 days after the Court's deadline for Ling to obtain counsel. *See id.* at 2 ("Sixty days have now passed and no attorney has reached out to Plaintiff's counsel or made an appearance in this case on behalf of Ling."). And, as Plaintiff further explains,

> Plaintiff was prepared to seek leave to amend and add a party prior to May 15, but elected not to because the order allowing for Ling's counsel to withdraw provided Ling with 60 days to find new counsel and also as a professional courtesy to Ling's counsel since Ling's counsel was withdrawing and any new counsel that might appear on behalf of Ling may have wanted to coordinate with the undersigned regarding the deadlines and any other matters in the case.

*Id.* at 3.

Because good cause exists under Rule 16(b)(4), "the court can consider whether to grant leave to join under the more liberal standard of [Federal Rule of Civil Procedure] 20, which provides:

> Persons ... may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

*Nieves*, 2014 WL 2587577, at *1 (quoting FED. R. CIV. P. 20(a)(2); footnote omitted).

> Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims. Generally, as long as both prongs of the test are met, "permissive joinder of plaintiffs ... is at the option of the plaintiffs." However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay.

*Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per

curiam) (citations omitted).

Plaintiff has established both prongs. *See* Dkt. No. 17 at 3 ("Ling's Holdings is the record owner of the Subject Property. The Subject Property is the same property that Plaintiff invested in and the location where both Chin and Ling were personally served with service. As per the Certificate of Formation filed with the Texas Secretary of State, Ling and Chin are the only two managing members for the entity. Ling's Holdings is an essential player in Ling and Chin's fraud scheme and third party discovery has shown that Chin and Ling (mother and son) and their entity Ling's Holdings are interrelated with [commingled] assets and income."). And, on the record here, the Court finds no reason to refuse joinder in the interest of avoiding prejudice and delay.

That said, although leave to join Ling's Holdings should be granted, its joinder raises an impediment to the prosecution of a case in which the only defendant linked to the LLC is now proceeding without counsel: Insofar as Ling's Holdings, LLC is neither an individual nor a sole proprietorship, this defendant is not permitted to proceed *pro se* or through a non-attorney but rather must be represented by an attorney in litigation in federal court. *See M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). This applies to limited liability companies.

And Ling's Holdings, LLC is CAUTIONED that a failure to hire counsel to represent it may result in appropriate measures, including possibly entering a default judgment against it. *See Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997); *cf. Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary.").

**Conclusion**

The Court GRANTS Plaintiff Jyue Hwa Fu's construed motion for leave to join as a defendant Ling's Holdings, LLC [Dkt. No. 17] under Federal Rules of Civil Procedure 16(b)(4) and 20(a); DIRECTS the Clerk of Court to docket Dkt. No. 17-1 as Plaintiff's First Amended Complaint; and CAUTIONS Defendant Ling's Holdings, LLC that it must retain counsel on its behalf and that the failure to do so may result in appropriate measures, including possibly entering a default judgment against it should it fail to respond to Plaintiff's First Amended Complaint through counsel.

SO ORDERED.

DATED: August 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE