IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JYUE HWA FU,                          §
                                      §
              Plaintiff,              §
                                      §
v.                                    §        No. 3:18-cv-02066-N-BN
                                      §
                                      §
YEH CHIN CHIN, DAVID LING, and        §
LING'S HOLDINGS, LLC,                 §
                                      §
              Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge David C. Godbey. *See* Dkt. No. 18.

Plaintiff Jyue Hwa Fu originally brought this action against Defendants Yeh

Chin Chin and David Ling. *See* Dkt. No. 1. The essence of Plaintiff's complaint is that

Defendants conspired and fraudulently induced Plaintiff to give them $100,000 as an

investment in real property located in Dallas, Texas. *See* Dkt. No. 1 & 20. Plaintiff

claims that the investment was a sham and that Defendants have not paid her the

returns that they initially promised. *See id.*

Service of the original complaint and summons was effected on both Defendants

on August 15, 2018. *See* Dkt. No. 5. Defendant David Ling filed an answer to Plaintiff's

original complaint, *see* Dkt. No.8, but Defendant Yeh Chin Chin has not appeared

through counsel or filed an answer within the Court's established time limit.

On July 18, 2019, Plaintiff moved under Federal Rule of Civil Procedure 15(a) to amend her complaint to add as a defendant Ling's Holding, LLC – a business entity alleged to be controlled by David Ling, who thus far has been the only Defendant to appear in the case and is now proceeding *pro se. See* Dkt. No. 17; *see also* Dkt. Nos. 8, 15, &16. The Court granted Plaintiff's motion to amend, *see* Dkt. No. 19, and Plaintiff filed her amended complaint on August 23, 2019, *see* Dkt. No. 20.

David Ling and Ling's Holding were served with Plaintiff's amended complaint on August 29, 2019. *See* Dkt. No. 25. Plaintiff has apparently attempted but has not perfected service of the amended complaint on Ms. Chin. *See* Dkt. No. 29. To date, neither Ling's Holdings or Ms. Chin has appeared or answered Plaintiff's complaint. Although Mr. Ling filed an answer to Plaintiff's original complaint, he has not answered the amended complaint and has not responded to Plaintiff's discovery requests served on February 15, 2019. *See* Dkt. No. 26 at 2-3.

Plaintiff now moves for an entry of default judgment against David Ling and Ling's Holdings, LLC. *See* Dkt. Nos. 26 & 29. The Clerk of the Court entered default against Mr. Ling and Ling's Holding on October 28, 2019. *See* Dkt. No. 27 & 28. Plaintiff also moves for the claims against Yeh Chin Chin to be severed from this case and requests that the Court allow Plaintiff to effect substituted service on Yeh Chin Chin so that service on Ms. Chin can be perfected. *See* Dkt. No. 29. Alternatively, Plaintiff notices that she voluntarily dismisses Yeh Chin Chin from this case without

-2-

prejudice. *See id.*

For the reasons explained below, the undersigned concludes that the Court should stay Plaintiff's Motion for Entry of Default Judgment for a period of 45 days, to allow Defendants David Ling and Ling's Holdings, LLC a final opportunity to appear and defend themselves in this action; that the Court should deny Plaintiff's Motion to Sever and for Substituted Service; and that the Court should take notice that Plaintiff voluntarily dismisses Defendant Yeh Chin Chin from this action without prejudice.

The Court should also reset the trial for this case, which is scheduled to begin on February 24, 2020, for a later date to be determined once Plaintiff's motion for default judgment is resolved.

Defendant David Ling is CAUTIONED that he must respond to Plaintiff's amended complaint and Plaintiff's discovery request, either *pro se* or through counsel.

Defendant Ling's Holdings LLC is CAUTIONED that it must retain counsel on its behalf and respond to Plaintiff's amended complaint.

And Defendants are warned that failure to respond or otherwise defend against this case may result in a default judgment against them.

## Legal Standards and Analysis

I.    <u>Default Judgment</u>

Under Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV.

P. 55(b)(2). A plaintiff seeking a default judgment must establish (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See* FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013) (quoting *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for

-4-

default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *See Arch Ins. Co.,* 2013 WL 145502, at *2-*3 (quoting *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893. The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).

Here, Plaintiff seeks a default judgment against Defendants David Ling and Ling's Holding, LLC, to recover a $100,000 investment that Defendants allegedly defrauded Plaintiff into making. *See* Dkt. Nos. 1 & 20. Plaintiff also seeks recovery of her compensable costs pursuant to Rule 54(d)(1) in the amount of $821.40 and attorneys' fees in the amount of $10,000. *See* Dkt. No. 26 at 7-8. And Plaintiff asks this Court for exemplary damages in the amount that the Court deems equitable and just for this case. *See id.* at 8.

Plaintiff contends that default judgment is procedurally warranted. Although Mr. Ling filed an answer to Plaintiff's original complaint, he has otherwise been absent throughout the entirety of this proceeding. Mr. Ling has not responded to Plaintiff's discovery requests, which were propounded on him nearly one year ago, and he has not answered Plaintiff's amended complaint. Since Ling's Holdings, LLC was joined in this action, it has neither filed an answer to Plaintiff's amended complaint or otherwise appeared in this case.

In a Memorandum Opinion and Order dated August 23, 2019, the undersigned specifically cautioned Defendant Ling's Holdings, that because it is a limited liability company, it must retain counsel to defend itself in this case. *See* Dkt. No. 19; *see also M3Girl Designs, LLC v. Purple Mountain Sweaters,* No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). At that time, the undersigned warned Ling's Holdings that a failure to do so could result in serious consequences, including the possibility of a default judgment being entered against it. Ling's Holdings does not appear to have paid any heed to these warnings.

But Mr. Ling did file an answer to Plaintiff's original complaint. And Plaintiff has herself explained that her amended complaint "maintains the same cause of action against the same defendants, but adds one additional defendant, Ling's Holdings – the entity which defendants used to carry out their fraud and the entity which is the record owner of the property in which Plaintiff invested in." Dkt. No. 17 at 1. Moreover, Mr. Ling owns and operates Ling's Holdings. And where, in his original answer, Mr. Ling denies the vast majority of Plaintiff's allegations, it cannot be said that material facts

are not in dispute at this stage.

Further, considering the harshness and severity of the effect that a default judgment may have, the undersigned is inclined to afford Mr. Ling and Ling's Holdings, LLC, an opportunity to appear to put forth a defense in this case and explain whether their neglect is excusable or was otherwise caused by a good faith mistake.

Plaintiff and Mr. Ling apparently have recently been in contact, and, according to Plaintiff, on September 17, 2019, Mr. Ling was "'still in the process of seeking counsel and [has had] some medical issues as of late.'" Dkt. No. 26 at 5.

The undersigned concludes that the Court should stay Plaintiff's Motion for Entry of Default Judgment [Dkt. No. 26] against Defendants David Ling and Ling's Holdings for a period of 45 days, to provide Defendants a final opportunity to appear and defend against this case.

Defendant David Ling is CAUTIONED that he must respond to Plaintiff's amended complaint and Plaintiff's discovery request, either *pro se* or through counsel.

Defendant Ling's Holdings LLC is CAUTIONED that it must retain counsel on its behalf and respond to Plaintiff's amended complaint.

Defendants should have until **March 9, 2020**, at which point the Court should revisit Plaintiff's Motion for Entry of Default Judgment.

The trial for this case, which is scheduled to begin on February 24, 2020, should be reset for a later date, which should be determined once Plaintiff's Motion for Entry of Default Judgment is resolved.

-7-

II.    Plaintiff's Motion for Alternative Service

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(e)(1).

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

Under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substitute

service only after receipt of the required affidavit and only in a manner that is reasonably calculated to provide notice. See TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

As to the affidavit requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting affidavit must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

Here, Plaintiff's motion is supported by an affidavit from her counsel, Mr. Sartaj Bal. *See* Dkt. No. 29-1. The supporting affidavit shows that Plaintiff unsuccessfully attempted to serve Yeh Chin Chin with the amended complaint on September 8, 2019. *See id.* At that time, Mr. Ling – who is Ms. Chin's son – informed Plaintiff's process server that Ms. Chin was out of the country. On a later date, Mr. Ling represented to Plaintiff's counsel by email that Ms. Chin had traveled to Taiwan. *See id.* Mr. Bal's affidavit also provides that, in the past, Ms. Chin has responded to email and that he believes Mr. Ling is in communication with Ms. Chin.

Although Mr. Bal's affidavit states some facts — including the date of the attempt — showing that personal service has been attempted, Mr. Bal's affidavit does not assert that the addresses the process server visited were Defendant Chin's usual place of business, usual place of abode, or other place were she could be found. *See In Garreis v. Wales Transportation, Inc.,* 706 S.W.2d 757, 759 (Tex. App. -Dallas 1987, no writ).

Mr. Bal's affidavit does not assert whether more than one attempt was made to effectuate service and whether or why he has reason to believe that Ms. Chin is still in Taiwan. According to Mr. Ling's representations to Mr. Bal, Ms. Chin was at some point in Taiwan to take care of her ill mother. But there is no indication that Mr. Bal did any independent investigation as to Ms. Chin's whereabouts outside of Mr. Ling's representations.

Mr. Bal has not established whether Ms. Chin resides in the United States or elsewhere and, if she still resides in the United States despite being temporarily out of the country, whether there are others who live with her in the United States who could accept service on her behalf. *See* FED. R. CIV. P. 4(e)(2)(B) (providing that service can be effectuated by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there).

For similar reasons, there is insufficient evidence in the record to determine that Plaintiff's proposed method of substitute service will be reasonably effective to give Ms. Chin notice. Mr. Bal has not provided enough evidence to show that Mr. Ling and Ms. Chin are regularly in communication with each other, so that he can provide her with

proper notice of the amended complaint. Mr. Bal does not state that Ms. Chin regularly monitors her email account but instead explains that he has "communicated early in the case with Chin through email." Dkt. No. 29-1 at 2. The Court would need additional information to ensure that either emailing Ms. Chin at an email address that was used early in the case or leaving the amended complaint with Mr. Ling would adequately provide Ms. Chin with proper notice.

For these reasons, the Court should deny Plaintiff's Motion for Alternative Service without prejudice.

III.   Plaintiff's Motion to Sever

Federal Rule of Civil Procedure 21 provides that a court may "sever any claim against a party." Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Courts have considered the following factors when deciding to sever a claim:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014) (quoting *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, No. 3:11-cv-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012)). "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed

out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

Plaintiff's claims against Ms. Chin clearly arise out of the same transaction or occurrence, which is the alleged fraudulent investment scheme perpetrated against Plaintiff. *See* Dkt. Nos. 1 & 20. These claims present nearly identical questions of law or fact, and, based on Plaintiff's complaint, the claims against each of the Defendants will presumably require the same witnesses and documentary proof.

It appears that Plaintiff seeks severance so that she may obtain default judgment against Mr. Ling and Ling's Holdings, LLC. Thus, while severance may ease the settlement of claims, it is not clear that prejudice would be avoided if severance is granted.

But, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019). Ms. Chin has not filed an answer or otherwise responded to Plaintiff's Complaint, and Plaintiff is therefore authorized to dismiss Ms. Chin without a court order under Rule 41(a)(1)(A)(i).

The Court should deny Plaintiff's motion to sever and instead take notice that Plaintiff voluntarily dismisses Defendant Yeh Chin Chin without prejudice. *See* Dkt. No. 29.

## Recommendation

For the reasons explained above, the Court should stay Plaintiff's Motion for Entry of Default Judgment [Dkt. No. 26 & 29] for a period of 45 days to allow Defendants David Ling and Ling's Holding, LLC, a final opportunity to appear and defend against this action; the Court should deny Plaintiff's Motion to Sever [Dkt. No. 29]; the Court should deny Plaintiff's Motion for Alternative Service [Dkt. No. 29]; and the Court should take notice that Plaintiff voluntarily dismisses Defendant Yeh Chin Chin without prejudice, *see* Dkt. No. 29.

The trial for this case, which is scheduled to begin on February 24, 2020, should be reset for a later date to be determined upon resolution of Plaintiff's Motion for Entry of Default Judgment.

Defendant David Ling is CAUTIONED that he must respond to Plaintiff's Amended Complaint and Plaintiff's discovery request, either *pro se* or through counsel.

Defendant Ling's Holdings LLC is CAUTIONED that it must retain counsel on its behalf and respond to Plaintiff's Amended Complaint.

Defendants are warned that failure to respond or otherwise defend against this case may result in a default judgment against them.

A copy of these findings, conclusions, and recommendation shall be served on all

-13-

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: January 23, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE