IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JYUE HWA FU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2066-N-BN |
| | § | |
| YEH CHIN CHIN, DAVID LING, and | § | |
| LING'S HOLDING, LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge David C. Godbey. *See* Dkt. No. 18.

## Background

Plaintiff Jyue Hwa Fu originally brought this action against Defendants Yeh

Chin Chin and David Ling. *See* Dkt. No. 1. The essence of Plaintiff's complaint is that

Defendants conspired and fraudulently induced Plaintiff to give them $100,000 as an

investment in real property located in Dallas, Texas. *See* Dkt. Nos. 1 & 20. Plaintiff

claims that the investment was a sham and that Defendants have not paid her the

returns that they initially promised. *See id.*

Service of the original complaint and summons was effected on both original

Defendants on August 15, 2018. *See* Dkt. No. 5. Defendant David Ling filed an answer

to Plaintiff's original complaint, *see* Dkt. No.8, but Defendant Yeh Chin Chin did not

appear through counsel or file an answer within the Court's established time limit.

1

On July 18, 2019, Plaintiff moved under Federal Rule of Civil Procedure 15(a) to amend her complaint to add as a defendant Ling's Holding, LLC – a business entity alleged to be controlled by Mr. Ling. *See* Dkt. No. 17; *see also* Dkt. Nos. 8, 15, & 16.

The Court granted Plaintiff's motion to amend and cautioned Defendant Ling's Holding that it must retain an attorney on its behalf to defend against this case. *See* Dkt. No. 19. The Court cautioned Ling's Holding that failure to retain counsel would result in appropriate measures, including the possibility of having a default judgment entered against it. *See id.*

Plaintiff filed her amended complaint on August 23, 2019. *See* Dkt. No. 20.

Mr. Ling and Ling's Holding were served with Plaintiff's amended complaint on August 29, 2019, *see* Dkt. No. 25, but Plaintiff was not able to perfect service of the amended complaint on Ms. Chin, *see* Dkt. No. 29.

Mr. Ling, Ling's Holding, and Ms. Chin each failed to file a response to Plaintiff's amended complaint within the Court's established time limit.

Plaintiff then filed a motion for an entry of default judgment against Mr. Ling and Ling's Holding. *See* Dkt. Nos. 26 & 29. The Clerk of the Court entered default against Mr. Ling and Ling's Holding on October 28, 2019. *See* Dkt. No. 27 & 28.

 At the same time, Plaintiff filed a motion to sever the claims against Ms. Chin and requested that the Court allow Plaintiff to effect substituted service on Ms. Chin so that service on Ms. Chin could be perfected. *See* Dkt. No. 29. Alternatively, Plaintiff notified the Court that she would voluntarily dismiss Ms. Chin from this case without

prejudice if the Court did not grant Plaintiff's motion to sever and effect substituted service. *See id.*

On January 23, 2020, the undersigned entered a Findings, Conclusions, and Recommendation, recommending that the Court stay Plaintiff's Motion for Entry of Default Judgment for a period of 45 days, to allow Defendants Mr. Ling and Ling's Holding, a final opportunity to appear and defend against this action; that Plaintiff's Motion to Sever and for Substituted Service be denied; and that the Court take notice that Plaintiff voluntarily dismissed Ms. Chin from this action without prejudice. *See* Dkt. No. 31.

At that time, the undersigned reminded Ling's Holding that it is not permitted to proceed *pro se* or through a non-attorney but rather must be represented by a licensed attorney in this litigation in federal court. *See Dontos v. Vendomation NZ Ltd.*, No. 3:11-cv-553-K, 2015 WL 5311094, at * 2 (N.D. Tex. Aug. 24, 2015) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.") (internal quotations omitted); *see also M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel'").

On February 24, 2020, the Court entered an order accepting and adopting the undersigned's Findings, Conclusions, and Recommendation. *See* Dkt. No. 34.

Defendants Mr. Ling and Ling's Holding were given until March 9, 2020 to obtain counsel for Ling's Holding and respond to Plaintiff's amended complaint. *See id.*

On March 9, 2020, David Ling appeared *pro se* and filed an answer to Plaintiff's amended complaint on behalf of himself and Ling's Holding. *See* Dkt. No. 35.

On March 10, 2020, the Court entered an order that again reminded Mr. Ling and Ling's Holding that Ling's Holding could not appear *pro se* in this litigation nor could it be represented by a non-attorney. *See* Dkt. No. 36. The Court ordered Ling's Holding to cause new counsel to enter an appearance in this case and respond to Plaintiff's amended complaint by no later than March 24, 2020. *See id.* The Court gave Ling's Holding a final warning that failure to retain counsel would result in having a default judgment entered against it. *See id.*

Ling's Holding failed to cause counsel to enter an appearance in this case and failed to respond to Plaintiff's amended complaint within the Court's established time limit. And, because Ling's Holding has been given ample time to retain counsel and multiple warnings to do so, Ling's Holding's failure to retain counsel is not justified.

## Legal Standards

Under Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish (1) that the

4

defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See* FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013) (quoting *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused

by good faith mistake or excusable neglect; (5) the harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *See Arch Ins. Co.,* 2013 WL 145502, at *2-*3 (quoting *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893. The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).

## Analysis

Here, Plaintiff seeks a default judgment against Defendants David Ling and Ling's Holding, LLC, to recover a $100,000 investment that Defendants allegedly defrauded Plaintiff into making. *See* Dkt. Nos. 1 & 20. Plaintiff also seeks recovery of her compensable costs under Federal Rule of Civil Procedure 54(d)(1) in the amount of $821.40 and attorneys' fees in the amount of $10,000. *See* Dkt. No. 26 at 7-8. And Plaintiff asks this Court for exemplary damages in the amount that the Court deems equitable and just for this case. *See id.* at 8.

I.    <u>The Court should strike Ling's Holding, LLC's answer.</u>

Plaintiff contends that default judgment is procedurally warranted. But, at this point, Mr. Ling has filed an answer to Plaintiff's original complaint and has answered Plaintiff's amended complaint. But, since Ling's Holding was joined in this action, it has only appeared in this case by and through Mr. Ling.

In a Memorandum Opinion and Order dated August 23, 2019, the Court specifically cautioned Defendant Ling's Holding that, because it is a limited liability company, it must retain counsel to defend itself in this case. *See* Dkt. No. 19; *see also M3Girl*, 2010 WL 304243, at *2. At that time, the Court warned Ling's Holding that a failure to do so could result in serious consequences, including the possibility of a default judgment being entered against it.

In the undersigned's Findings, Conclusions, and Recommendation, dated January 23, 2020, Ling's Holding was again cautioned that because it is a limited liability company, it must retain counsel to defend itself in this case. *See* Dkt. No. 31.

In the Court's Order Regarding New Counsel for Defendant Ling's Holding, dated March 10, 2020, Ling's Holding was once again cautioned that because it is a limited liability company, it must retain counsel to defend itself in this case. *See* Dkt. No. 31.

Ling's Holding does not appear to have paid any heed to these warnings. Although Mr. Ling has filed an answer to Plaintiff's amended complaint on behalf of Ling's Holding, Mr. Ling is not an attorney licensed to practice law before this Court.

7

After careful consideration, the undersigned concludes that the Court should strike Defendant Ling's Holding's answer to Plaintiff's amended complaint from the record. *See* Dkt. No. 35.

And the procedural grounds for default – which the Clerk of the Court has already entered, *see* Dkt. No. 28 – are clearly established: Ling's Holding was warned on multiple occasions that, as a business entity, it may not proceed *pro se* nor can it be represented by a non-attorney in this action. Ling's Holding was warned on multiple occasions that failure to obtain counsel will result in an entry of default judgment against it. Ling's Holding has failed to take heed to these warnings.

Because of the ample time given to Ling's Holding to obtain counsel, there is no evidence of substantial prejudice here.

The undersigned understands the harshness and severity of the effect that a default judgment may have, but it is also apparent that Ling's Holding has not paid any regard to the Court's multiple warnings on the requirement to obtain counsel in this case. And there is no evidence that Ling's Holding has any intention to retain counsel. As a business entity, Ling's Holding is neither a minor nor incompetent, and it is not a member of the military.

And Plaintiff has established that she has perfected service on Ling's Holding. *See* Dkt. No. 25.

II.    <u>The Court should deny a default judgment against Ling's Holding, LLC.</u>

But, to enter the requested default judgment, the Court must also find sufficient basis in the pleadings for the judgment requested. *See Burrell v. Twin*

8

*Goose, LLC*, No. 3:16-cv-1079-L, 2017 WL9471837, at *2 (N.D. Tex. Jan. 19, 2017). In Plaintiff's amended complaint, she asserts claims for fraud, unjust enrichment, and conspiracy.

A. <u>Fraud</u>

To state a claim of fraud under Texas law, "a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 551 (5th Cir.2010) (quoting *ABC Arbitrage v. Tchuruk,* 291 F.3d 336, 350 (5th Cir.2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 266 (5th Cir.2010) (citations and internal quotation marks omitted); *see also United States ex rel. Willard v. Humana Health Plan of Texas,* 336 F.3d 375, 384 (5th Cir. 2003) (explaining that "Rule 9(b) requires that the plaintiff allege the particulars of

time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud" (internal quotation marks and citations omitted)).

The United States Court of Appeals for the Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth *specific facts* supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 339 (5th Cir.2008) (internal quotation marks and citations omitted; emphasis in original). "Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *Willard,* 336 F.3d at 385.

And, "[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Dorsey,* 540 F.3d at 339 (internal quotation marks and citations omitted). And, "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Willard,* 336 F.3d at 385.

Here, Plaintiff alleges that "Chin and Ling, mother and son together with their entities including Ling's Holdings, schemed to entice Plaintiff, who resides in Taiwan, through one of Chin's contacts in Taiwan, to invest $100,000 into an entity that purportedly owned a single-family residence in Dallas, Texas." *See* Dkt. No. 20 at 1.

But Plaintiff goes on to assert that it was only Ms. Chin who approached her through a local Taiwanese contact to solicit an investment opportunity in the United States. *See id.* at 2-3. And Plaintiff claims that Ms. Chin solicited the investment through her company, Aurelian International Inc. *See id.* at 3.

According to the complaint, Ms. Chin held herself out to be the Chairman of Aurelian. *See id.* And Plaintiff wired $100,000.00 to Aurelian based on Ms. Chin's instructions. *See id.* And, according to Plaintiff's allegations, it was Ms. Chin who provided Plaintiff with confirmation of payment. *See id.*

When the returns on the investment went awry, Plaintiff contacted Ms. Chin about her decision to withdraw her investment funds. *See id.* at 4. And Plaintiff alleges that it was Ms. Chin who refused to return her investment. *See id.*

Importantly, it is not clear from the complaint how Ling's Holding is connected to the allegedly fraudulent conduct, other than being the actual owner of the property at issue in this case. Plaintiff does not allege any facts that suggest that Ling's Holding was involved with the scheme to induce Plaintiff to make an investment, nor are there any facts alleged that would show that Ling's Holding somehow benefited from the investment.

Plaintiff essentially alleges that Ms. Chin caused Plaintiff to invest in a property that Ms. Chin did not actually own, but Plaintiff does not explain how the actual property owner, Ling's Holding, is connected to the investment scheme.

Based on a plain reading of the allegations in Plaintiff's complaint, it appears that Ms. Chin, and only Ms. Chin, is responsible for all of the alleged conduct at issue in this lawsuit. *See id.* at 2-5.

Plaintiff claims that "Defendants, perpetuated the fraud together and purposefully established two entities – Ling's Holdings to own the property and Aurelian to receive Plaintiffs funds from where they would then distribute the funds as they see fit." *See* Dkt. No. 20 at 5. But Plaintiff pleads no facts to support the allegation that anyone other than Ms. Chin was involved in the alleged scheme to defraud Plaintiff of her money.

The undersigned concludes that Plaintiff's fraud claim against Ling's Holding does not meet Rule 9(b)'s heightened pleading standards.

The Court should deny Plaintiff's request for a default judgment against Ling's Holding on the fraud claim.

B.  Unjust Enrichment

There is also no sufficient basis in the pleadings for default judgment against Ling's Holding on Plaintiff's claim for unjust enrichment.

Under Texas law, "[t]he unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996), *aff'd*, 466 S.W.2d 467 (Tex. 1998). "When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to

restore the benefits to the plaintiff." *Id.* Because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the subject matter of the dispute exists." *Id.*; *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment.").

Here, Plaintiff does not allege any facts that support the conclusion that Ling's Holding has been unjustly enriched by plaintiff's investment. As explained above, Plaintiff does not allege any facts that connect Ling's Holding to the alleged fraudulent conduct. Plaintiff does not allege any facts that explain how anyone other than Ms. Chin was enriched by the allegedly fraudulent scheme.

The Court should deny Plaintiff's request for a default judgment against Ling's Holding on Plaintiff's claim for unjust enrichment.

C. Civil Conspiracy

And there is no sufficient basis in the pleadings for default judgment against Ling's Holding on Plaintiff's conspiracy claim. Under Texas law, a successful claim for civil conspiracy requires "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen,* 602 F.3d 391, 408 (5th Cir. 2010) (internal quotations omitted).

Here, Plaintiff alleges that "Defendants, perpetuated the fraud together and purposefully established two entities – Ling's Holding to own the property and

Aurelian to receive Plaintiffs funds from where they would then distribute the funds as they see fit." *See* Dkt. No. 20 at 5. But Plaintiff pleads no facts to support a conclusion that Ms. Chin and Mr. Ling, through Ling's Holding, had a meeting of the minds to defraud Plaintiff of $100,000.00. Plaintiff has not alleged any facts to support the conclusion that Ling's Holding was in some way involved with the purported scheme.

The Court should deny Plaintiff's request for a default judgment against Ling's Holding on Plaintiff's claim for civil conspiracy.

## Recommendation

Because Ling's Holding is a business entity and it is not represented by counsel, the Court should strike Ling's Holding's answer to Plaintiff's amended complaint from the record, where Defendant Ling's Holding is in default for the reasons explained above. But the undersigned concludes that there is no sufficient basis in the pleadings for the judgment requested against Ling's Holding and that the Court should deny Plaintiff's Motion for Entry of Default Judgment [Dkt. No. 26] against Defendant Ling's Holding.

Because Defendant David Ling has filed an answer to Plaintiff's amended complaint, the Court should also deny Plaintiff's Motion for Entry of Default Judgment [Dkt. No. 26] as to Mr. Ling in his individual capacity and set aside the default as to Mr. Ling individually.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

15