IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JYUE HWA FU, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:18-cv-2066-N-BN |
| § | |
| YEH CHIN CHIN, DAVID LING, and § | |
| LING'S HOLDING, LLC, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 18. Plaintiff Jyue Hwa Fu has filed a motion for summary judgment. *See* Dkt. No. 39. Defendant David Ling filed a response and cross-motion for summary judgment, *see* Dkt. No. 42, and Fu filed a reply, *see* Dkt. No. 46. After reviewing the parties' briefs, the evidence, and the law, the undersigned recommends denying the parties' cross-motions.

**Background**

Plaintiff Jyue Hwa Fu, a Taiwanese national and resident, originally brought this action against Yeh Chin Chin and David Ling. *See* Dkt. No. 1. Chin is Ling's mother, and both reside in Dallas, Texas. *See* Dkt. No. 20 at 1-2. Chin and Ling own and control two Texas corporations involved in the case: Ling's Holding LLC and Aurelian International, Inc. *See* Dkt. No. 39-1 at 1-2.

1

When Aurelian was first formed, Chin was the president, and Ling was the vice-president of the corporation. *See id.* at 1. Aurelian has since forfeited its corporate registration after failing to pay franchise taxes. *See* Dkt. No. 39-2 Ex. C.

Ling's Holding is a member managed LLC. Chin and Ling were the only two managing partners of at the time of its formation. *See id.* Ex. D. Ling's Holding owns the property located at 4708 Belmont Avenue, Dallas, Texas 75207 (the "Property"). *See* Dkt. No. 39-1 at 6; Dkt. No. 39-2 Ex. G. Like Aurelian, Ling's Holding has forfeited its corporate registration after failing to pay franchise taxes. *See* Dkt. No. 39-2 Ex. H.

The central dispute in this case involves an allegedly fraudulent real estate transaction. Fu alleges that Chin, through a third party in Taiwan, contacted her about an investment opportunity. *See* Dkt. No. 39-2 Ex. ¶ 1. In exchange for investing $100,000 in Aurelian, Chin offered Fu a twenty-three percent ownership interest in the Property with rights to twenty-three percent of the monthly rents. *See id.* Based on the information from Chin, Fu believed that Aurelian owned the property and that Chin was Aurelian's chairman, giving her authority to sell Fu an interest in the Property. *See id.* ¶ 3. Fu agreed to the deal, and, on April 10, 2017, she wired the money to a bank account in Aurelian's name. *See id.*

Fu began receiving monthly payments, and, for several months, all seemed well. *See id.* ¶ 4. But, when the payment for September's rent did not arrive, and after receiving only a fraction of the normal payment for October, Fu became "suspicious about the rental payments and … asked for a return of [her] investment." *Id.* ¶ 5. Chin initially told Fu that she could return only a portion of the investment because

2

the third-party that had introduced them had already received a portion of the money. *See id.* But Chin never returned any of the money, and she eventually stopped all contact with Fu. *See id.*

Fu then began uncovering facts that confirmed her suspicions about the deal. She learned that Aurelian had forfeited its corporate certificate, *see* Dkt. 39-2 Ex. C, and that the Property was owned by Ling's Holding, not by Aurelian or Chin, *see* Dkt. No. 39-1 at 4. She also learned about Ling's connections to the Property and Chin. *See id.* at 4-5. In addition to his position as managing partner of Ling's Holding, Ling is also the vice president of Aurelian. *See* Dkt. 39-2 Ex. A. He was added to the Aurelian bank account as a signatory with withdrawal privileges just two days before Fu wired her money to the account. *See id.* And Ling made several purchases and withdrawals using the bank card issued to him. *See* Dkt. No. 39-2 Ex. B.

After making these discoveries, Fu filed her original complaint against Chin and Ling in August 2018. *See* Dkt. No. 1. A year later, Fu amended her complaint to add Ling's Holding as a defendant. *See* Dkt. No. 20. Both Ling and Ling's Holding were served, but Fu was not able to perfect service of the amended complaint on Chin. *See* Dkt. No. 29. For this reason, Fu voluntarily dismissed Chin, leaving Ling and Ling's Holding as the only remaining defendants. *See* Dkt. Nos. 29, 31, & 34.

Because Ling's Holding did not appear through counsel and did not answer the amended complaint, the Clerk of Court entered default as to Ling's Holding; no request to set aside that default has been made. *See* Dkt. No. 28. After the Court denied a motion for default judgment filed by Fu against Ling and Ling's Holding, *see*

3

Dkt. Nos. 37 & 38, Fu filed the present motion, asking the Court to enter judgment in her favor on all her claims, *see* Dkt. No. 39.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

4

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for

5

summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a]

6

failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Ling's Holding has not responded to Fu's Motion for Summary Judgment. Ling's Holding's failure to respond does not permit the Court to enter a "default" summary judgment. *See Johnson v. Herzog Transit Servs., Inc.*, No. 3:11-cv-803-D, 2013 WL 164222, at *1 (N.D. Tex. Jan.15, 2013); *see also Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 553 (N.D. Tex. 2009) ("Summary judgment may not be awarded by default merely because the nonmoving party has failed to respond.

7

A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." (footnotes omitted)). But the Court is permitted to accept Defendants' evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). And Ling's Holding's failure to respond means that it has not designated specific facts showing that there is a genuine issue for trial on any of their claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## Analysis

### I. Fu's request to preclude Ling from presenting documents not produced during discovery is granted.

Ling filed multiple documents in support of his opposition and cross-motion for summary judgment. *See* Dkt. No. 44. In her reply, Fu objects to the summary judgment evidence submitted by Ling because he did not produce these documents during discovery. *See* Dkt. No. 46 at 1-2. Fu requests that the Court disregard these documents when reviewing her motion. *See id.* Although she is not explicit on this point, the Court interprets Fu's request as a request for discovery sanctions under Federal Rule of Civil Procedure 37(b). For the following reasons, the Court grants Fu's request.

Rule 37(b)(2)(A)(ii) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f),

8

35, or 37(a), the court where the action is pending may issue further just orders," which "may include ... (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii); *see also* FED. R. CIV. P. 37(b)(2)(A)(iii), (v) (providing, as additional possible sanctions, "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part"). Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the party's control. *See Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. Apr. 12, 1996). Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey*, 423 F.2d at 860. "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). The sanction

9

imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

One judge in this circuit has observed that "[p]reclusion of evidence and/or defenses ... are drastic remedies generally confined to exceptional cases where a party's failure to provide requested discovery results in prejudice to the requesting party." *Better Bags, Inc. v. Ill. Tool Works, Inc.*, 939 F. Supp. 2d 737, 753 (S.D. Tex. 2013). But courts have found sanctions excluding evidence or claims of damages appropriate where, for example, a party instructs its witness to violate a court order. *See Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 780 (5th Cir. 2009).

An order is not always a prerequisite to the imposition of Rule 37(b)(2) sanctions, which can be imposed even without an existing motion to compel. *See McLeod, Alexander, Powel & Apfel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). The United States Court of Appeals for the Fifth Circuit has approvingly cited another court's explanation that, "[i]n general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *Id.* (internal quotation marks omitted).

Fu asserts that she served discovery requests on Ling's former counsel and that Ling did not respond to the request or produce any documents. *See* Dkt. No. 46 at 1-2. Fu contends that the documents Ling submitted in the appendix to his summary judgment motion [Dkt. No. 44] "should have been, but were not, produced

10

… in response to timely requests for production." *Id.* at 2. This failure to produce was not a product of circumstances out of Ling's control because the requests were made on his former counsel, and Fu agreed "to extend response deadlines and provid[e] ample time to respond." Dkt. No. 46 at 2. The undersigned concludes that Ling's failure to produce the documents that he clearly possessed is discovery misconduct that warrants sanctions, even though there has been no violation of a specific discovery order. *See McLeod*, 894 F.2d at 1485.

Having found misconduct by Ling, the Court concludes that the appropriate remedy is to disregard Ling's supporting documents for purposes of making a recommendation on the present cross-motions. "The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (internal quotations omitted). Here, Ling failed to respond to discovery requests and did not produce relevant documents. Without those documents, Fu lacked a complete record when moving for summary judgment. Although the undersigned finds no "bad faith or willful misconduct to support the severest remedies under Rule 37(b)" – for example, "striking a pleading or dismissal of [the] case" – the prejudice caused by Ling's failure to respond warrants the exclusion from the summary judgment record of the documents that he failed to produce in discovery. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990).

This remedy is appropriate because Ling's complete failure to provide relevant documents caused Fu prejudice, and allowing Ling to submit the documents would

11

allow him to circumvent the discovery process without facing consequences. On the facts of this case, excluding the documents is the least harsh sanction that would achieve the desired result. *Cf. Chilcutt v. United States*, 4 F.3d 1313, 1320 n.17 (5th Cir. 1993) ("We note that deeming the establishment of certain facts is one of the least harsh sanctions available to courts under Rule 37(b)."). Further, excluding the evidence is the only sanction that Fu seeks, as she has not sought attorneys' fees and costs.

The Court sustains Fu's objection and grants her request to preclude Ling from using documents not produced in discovery to support his summary judgment response. As such, the undersigned will not consider the documents attached to Ling's opposition and cross-motion for summary judgment [Dkt. No. 44] in making the recommendation on the cross-motions for summary judgment.

## II. The Court should deny Fu's Motion for Summary Judgment.

The Court should deny Fu's motion because she has not established that there are no genuine issues of material fact as to every element of her fraud, unjust enrichment, and conspiracy claims.

### A. Fraud.

Fu has not established beyond peradventure that Defendants are liable for fraud. "The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the

12

plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

Here, there is a genuine issue of material fact as to whether Defendants made a representation to Fu. Fu contends that "[t]here is no dispute that Defendants represented that Aurelian was a valid and existing Texas entity, that it was subject to a lease receiving monthly rent, and that Fu would receive a 23 [percent] interest in the Property (and proportional monthly rent payments) in exchange for a $100,000 investment." Dkt. No. 39 at 7. But Fu's allegations state that Chin, and only Chin (through her unidentified intermediary), made a representation to Fu concerning the investment in Aurelian. There is no allegation or evidence that either Ling or Ling's Holding ever communicated with Fu through any means. Importantly, Fu does not provide enough evidence to establish beyond peradventure that Defendants were involved in or knew of the scheme.

Fu's circumstantial evidence that allegedly proves Defendants connections to Chin and Aurelian does not change this conclusion. Fu offers evidence that Ling was added to the Aurelian bank account before the transfer and that he used the debit card issued to him to make purchases with Fu's money. *See* Dkt. No. 39-2 Ex. B. As for Ling's Holding, Fu provides evidence that it owns the Property and evidence showing Chin was a managing partner when Ling's Holding was formed. Fu argues that the "only reasonable inference to be drawn from this evidence" is that Defendants were active participants in the fraud. Dkt. No. 39-1 at 5. The undersigned

13

cannot agree. "The summary judgment record is devoid of any evidence, apart from [Fu's] unsupported speculation," that Defendants were involved in the fraud or made the "purported misrepresentations." *Milton*, 508 F. App'x at 330. Drawing all reasonable inferences in favor of Ling, there are genuine issues of fact as to whether Ling or Ling's Holding knew of the fraud and whether they were participants that knew of the representations.

Because Fu does not meet her high burden to establish every element of her fraud claim, the Court should deny Fu's request for summary judgment.

B.    **Unjust Enrichment**

The Court should also deny summary judgment on Fu's claim for unjust enrichment. Under Texas law, "[t]he unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996), *aff'd*, 466 S.W.2d 467 (Tex. 1998). "When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to restore the benefits to the plaintiff." *Id.*

"Texas law recognizes two 'forms' of unjust enrichment – 'active' and 'passive.'" *In re Okedokun*, 593 B.R. 469, 580 (Bankr. S.D. Tex. 2018), *aff'd and remanded sub nom. Matter of Okedokun*, 968 F.3d 378 (5th Cir. 2020). Under the active form, "[a] party may recover … when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus*

14

*Christi*, 832 S.W.2d 39, 41 (Tex. 1992). This requires showing a "nexus" between the parties, such as "a transfer to the defendant by the plaintiff, resulting in a material gain to the defendant and material loss by the plaintiff." *Banion v. Geovera Specialty Ins. Co.*, No. CV H-15-1595, 2016 WL 7242536, at *3 (S.D. Tex. Dec. 15, 2016).

A plaintiff may recover under the passive form of unjust enrichment when the defendant passively receives a benefit from the plaintiff as a result of a third-party's actions, and it would be unconscionable for the defendant to retain the benefit. *See In re Okedokun*, 593 B.R. at 582. "[R]ecovery under [this theory] is not dependent on wrongdoing by the opposing party." *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App. 2002). But recovery is not available "merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall." *Heldenfels,* 802 S.W.2d at 40. Only when there is a "specific justification, such as unconscionability," is recovery proper. *Cty. of El Paso, Tex. v. Jones*, No. EP-09-CV-00119-KC, 2009 WL 4730343, at *12 (W.D. Tex. Dec. 4, 2009).

Here, Fu has not met her burden to show that she entitled to recovery at summary judgment under either unjust enrichment theory. First, Fu has not met her burden to "show some underlying contact or nexus between" her loss and Defendants alleged benefit that is necessary to sustain a claim for active unjust enrichment. *Cty. of El Paso*, 2009 WL 4730343, at *12. Regarding Ling's Holding, Fu has made no allegations and provided no evidence – circumstantial or otherwise – that shows Ling's Holding had any dealings with Fu. The Court denied Fu's motion for default

15

judgment against Ling's Holding for this reason, *see* Dkt. No. 37 at 12-13, and Fu has made no additional allegations that would change this conclusion.

And Fu has also not shown a sufficient connection with Ling to support recovery under this theory. As noted above, Fu has not established beyond peradventure that Ling was involved in the scheme to convince Fu to wire the money. Without that showing – and drawing all reasonable inferences in Ling's favor – it is not clear that Ling acquired the money from Fu through fraud, rather than from Aurelian or Chin for legitimate reasons. Thus, a reasonable jury could conclude that Fu's loss and Ling's gain came "together by random chance," *Davis v. Wells Fargo Bank, N.A.*, No. 6:11-CV-00047, 2014 WL 585403, at *3 (S.D. Tex. Feb. 14, 2014), which means there remains a genuine issue of material fact as to this issue.

Second, Fu has not put forward any justification for why Ling retaining the money withdrawn from the Aurelian account is unconscionable. Although the evidence establishes that the money that Ling withdrew was the money that Fu wired to the account, there remains a genuine issue of material fact as to whether Ling was "aware of [the] fraud when [he] received the funds, w[as] … involved in [the] fraud, [or was ]aware of the source of the funds" when he withdrew the money. *Cote v. Texcan Ventures II*, 271 S.W.3d 450, 453 (Tex. App. 2008). While it may seem fairer to return the funds to Fu, if Ling was in fact an innocent party who believed that he was legitimately owed that money – a finding that, on the current record, drawing inferences in favor of Ling, a jury could make – there would be no basis to award the money to Fu under a theory of unjust enrichment. *See, e.g.*, *Walker v. Cotter Props.*,

16

*Inc.*, 181 S.W.3d 895, 900–01 (Tex. App. – Dallas 2006, no pet.) (finding no unjust enrichment where defendants believed that money they received from third-party fraudster was return on legitimate businesses investments).

Because Fu has not established beyond peradventure that Defendants obtained the money through fraud, duress, or undue advantage, or that it would be otherwise unconscionable for Defendants to keep the money, the Court should deny Fu's motion as to her claim for unjust enrichment.

### C. Civil Conspiracy

Finally, the Court should deny Fu's motion as to her civil conspiracy claim. Under Texas law, a successful claim for civil conspiracy requires "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen,* 602 F.3d 391, 408 (5th Cir. 2010) (internal quotations omitted).

Fu has not established that there was a meeting of the minds between Defendants and Chin and Aurelian. "The 'meeting of the minds' element means that a defendant agreed with one or more of the conspirators on the claimed illegal object of the conspiracy and intended to have it brought about." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 970 n.15 (S.D. Tex. 2010) (internal quotation marks omitted). As noted above, Fu has not alleged any facts to prove at summary judgment that Defendants were involved with the purported fraud. The evidence shows only that Chin and Ling were at times both officers of Ling's Holding

17

and Aurelian, that Ling's Holding was the actual owner of the Property, and that Ling withdrew money from the Aurelian account.

But there is no evidence that establishes beyond peradventure that Defendants knew of and participated in the alleged scheme and agreed with Chin to have the object of the scheme brought about. The Court should deny Fu's motion as to her claim for civil conspiracy.

## III. The Court should deny Ling's cross-motion for summary judgment.

The Court should deny Ling's cross-motion because he offers no evidence or arguments sufficient to show he is entitled to judgment on Fu's claims. Ling's only argument for why summary judgment is appropriate is that Fu "has failed to make a prima facie case" for any of her claims. Dkt. No. 42 at 6. This, however, is not how the summary judgment burden shifting works. Before Fu is required to make a showing of anything as the nonmovant, the burden is on Ling to show that there are no genuine issues of material fact and that Fu's claims fail as a matter of law. Quite the opposite, Ling spends most of his brief arguing that the Court should deny Fu's motion because there are – as the undersigned concludes and explains above – material issues of fact in dispute. *See id.* at 2-5. The undersigned agrees with Ling's argument that there remains genuine issues of fact, which is reason enough to deny Ling's cross-motion. Ling is not entitled to summary judgment.

## Recommendation

Fu has not established beyond peradventure the requisite elements for her fraud, unjust enrichment, or conspiracy claims, and Ling has not shown there are no

genuine issues of material fact as to any of these claims. For these reasons, the Court should deny Fu's Motion for Summary Judgment [Dkt. No. 39] and Ling's Cross-Motion for Summary Judgment [Dkt. No. 42].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE