IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JYUE HWA FU, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § No. 3:18-cv-2066-N-BN |
| | § |
| YEH CHIN CHIN, DAVID LING, and | § |
| LING'S HOLDING, LLC, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 18. Defendant David Ling filed a motion to expunge lis pendens. *See* Dkt. No. 45. Plaintiff Jyue Hwa Fu did not file a response, and his time to do so has passed.

Ling requests that the Court expunge the notices of lis pendens filed by Fu. Because the underlying suit does not involve any interest in real property, the undersigned recommends granting Ling's Motion [Dkt. No. 45].

**Background**

Plaintiff Jyue Hwa Fu, a Taiwanese national and resident, originally brought this action against Yeh Chin Chin and David Ling. *See* Dkt. No. 1 at 1. Chin is Ling's mother, and both reside in Dallas, Texas. *See id.* at 1-2. Chin and Ling own and

1

control two Texas corporations involved in the case: Ling's Holding LLC and Aurelian International, Inc. *See id.* at 2-3.

Ling's Holding is a member managed LLC that owns the property located at 4708 Belmont Avenue, Dallas, Texas 75207 (the "Property"). *See id.* at 3-4. Aurelian is a Texas corporation that has forfeited its corporate registration after failing to pay franchise taxes. *See id.* at 4.

The central dispute in this case involves an allegedly fraudulent investment scheme. Fu alleges that, in exchange for investing $100,000 in Aurelian, Chin offered her a twenty-three percent ownership interest in the Property with rights to twenty-three percent of the monthly rents. *See id.* at 3. Fu agreed to the deal and wired the money to a bank account in Aurelian's name. *See id.*

After Fu made her investment, Chin made several monthly payments, but eventually the money stopped. *See id.* at 3-4. Fu then learned that Aurelian had forfeited its corporate certificate and that the Property was owned by Ling's Holding, not by Aurelian or Chin. *See id.* at 4. After making these discoveries, Fu demanded Chin refund her money, but Chin refused. *See id.* at 5. Fu then filed her original complaint. *See* Dkt. No. 1.

Several weeks after Fu filed her complaint, she filed a lis pendens naming the Property. *See* Dkt. No. 45-1 Ex. B. And, after she filed her Amended Complaint, *see* Dkt. No. 20, Fu filed a second lis pendens which again named the Property and added the additional defendants in her Amended Complaint. *See* Dkt. No. 45-1 Ex. C. In the second lis pendens, Fu stated that the related "civil action stemm[ed] from allegations

of fraud committed in relation to the ownership interests of the described property." *Id.*

On October 9, 2020, Defendant David Ling filed the present motion to expunge lis pendens [Dkt. No. 45]. Ling argues that Fu has "filed no pleadings affecting title to the [P]roperty" and "cannot establish the probability of prevailing on such a claim if one was asserted." *Id.* at 1.

## Legal Standards

"Texas state law controls the validity of a lis pendens in federal court." *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, Civ. A. No. 3:15-cv-3791-N, 2016 WL 11474103, at *8 (N.D. Tex. Aug. 30, 2016) (citing 28 U.S.C. § 1964). The Texas Property Code provides that, "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property," a party may file a notice that the action is pending. TEX. PROP. CODE § 12.007(a). "A lis pendens does not operate as a lien on property," and it "'operates only during the pendency of the lawsuits ....'" *Pruitt v. Bank of N.Y. Mellon*, Civ. A. No. 3:15-CV-2359-L, 2015 WL 6157319, at *1 (N.D. Tex. Oct. 19, 2015) (first citing *In re Miller*, 433 S.W.3d 82, 85 (Tex. App. – Houston [1st Dist.] 2014, no pet.); and then quoting *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App. – Texarkana 2011, pet. denied)).

But a "party to an action in connection with which a notice of lis pendens has been filed" may "apply to the court to expunge the notice." TEX. PROP. CODE § 12.0071(a). The Court

> shall order the notice of lis pendens expunged if the court determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

*Id.* § 12.0071(c). To establish that a pleading contains a real property claim under Section 12.0071(c)(1), a claimant must "demonstrate that the underlying litigation is 'an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property.'" *In re Moreno*, NO. 14-14-00929-CV, 2015 WL 225049, at *2 (Tex. App. – Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (quoting TEX. PROP. CODE § 12.007(a)). "In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit." *Maniatis v. SLF IV - 114 Assemblage, L.P.*, NO. 06-18-00061-CV, 2019 WL 1560680, at *4 (Tex. App. – Texarkana Apr. 11, 2019, rev. denied) (quoting *In re Collins*, 172 S.W.3d 287, 293 (Tex. App. – Fort Worth 2005, orig. proceeding)). If there is a dispute of material fact as to whether the property is the subject of the underlying lawsuit, the court may not grant the motion to expunge on this basis. *See In re Collins*, 172 S.W.3d at 297.

Even if the court determines that the claimant pleaded a real property claim, the court must expunge the lis pendens if the claimant fails to establish "the probable validity of its claim by a preponderance of the evidence." *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 617 (Tex. App. – Houston [1st Dist.] 2017, orig. proceeding) (citation omitted). While a party cannot rely on conclusory affidavits to meet this

4

burden, it does not need to submit enough evidence prove its claim. *Compare id.* (expunging a lis pendens where a party submitted an affidavit stating no more than that the action involved title to real property), *with In re Cook*, No. 09-16-00420-CV, 2016 WL 7473894, at *2 (Tex. App. – Beaumont Dec. 29, 2016, orig. proceeding) (reversing expunction of a lis pendens where the party that filed the notice attested in an affidavit that she repaired the house, that the seller was aware that she intended to resell the house, and that she relied on the seller's promise to reduce their agreement to writing).

## Analysis

The Court should grant Ling's motion because Fu failed to establish that the underlying suit "involve[es] title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." TEX. PROP. CODE § 12.0071(a).

In her Amended Complaint, Fu raises claims for fraud, unjust enrichment, and civil conspiracy. *See* Dkt. No. 20. Each of the claims are predicated on the same allegation: that Chin and Ling conned Fu into investing $100,000 into Aurelian, a defunct corporation with no ownership interest in the Property. Although Fu alleges that Chin promised her a twenty-three percent ownership interest in the Property after she invested, *see* Dkt. No. 20 at 2, Fu does "not pray for the real property title[] to be transferred to" her, *In re Huffines Retail Partners, L.P.*, 978 F.3d 128, 133 (5th Cir. 2020). The only thing she seeks in this litigation is money damages.

5

The remedy sought makes this case and *In re Collins*, 172 S.W.3d 287, a case also involving claims of real estate fraud, distinct. Like here, the *Collins* plaintiffs alleged that they had been defrauded out of an interest in a property and filed notices of lis pendens. *See id.* But, in addition to money damages, the *Collins* plaintiffs – unlike Fu – sought "a declaratory judgment that they own a 50 percent interest in the … property …. and a constructive trust on 50 percent of the … property." *Id.* Because the *Collins* plaintiffs sought an answer to "the question of whether [they] had] a direct interest in the … property," *see id.* at 297, "[t]itle to the property was fundamentally at issue," and the lis pendens were proper, *In re Huffines*, 978 F.3d at 134 (discussing *In re Collins*).

Here, by contrast, Fu seeks only money damages, not a judgement finding her interest in the Property valid. No matter how the claims come out, no ownership interests in the Property will be established, title to the Property will not change hands, and no encumbrances will be enforced. And, even if Fu identified the Property in the lis pendens "to satisfy a money judgment against the defendant," that is "insufficient" under section 12.0071(c) to plead a real property claim. *Pruitt*, 2015 WL 6157319, at *2. So, at most, the Property is only "collaterally" implicated in this case, which cannot support a proper lis pendens. *In re Huffines*, 978 F.3d at 133.

Because Fu has not sufficiently pled a real property claim, the lis pendens should be expunged.

6

## Recommendation

For these reasons, the Court should grant Ling's Motion to Expunge Lis Pendens [Dkt. No. 45].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 8, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

7